■ JOSEPH GALLEN, Respondent-Appellant, v BESELER PHOTO MARKETING COMPANY, INC., Appellant-Respondent.—In an action *inter alia* to recover moneys due pursuant to an employment agreement, defendant appeals from an order of the Supreme Court, Nassau County, entered March 10, 1976, which denied its motion to dismiss the complaint. Plaintiff purports to cross-appeal from stated portions of the same order. Cross appeal dismissed, without costs or disbursements. No appeal lies from a decision. The paper under review is a combined order and decision. The cross appeal has been taken only from the decision portion of the said paper. Order reversed, on the law, without costs or disbursements, motion granted, and complaint dismissed. Plaintiff was employed by defendant, as its vice-president and general manager, from October, 1970 until June, 1975. Pursuant to a written agreement, signed by the parties on October 1, 1970, plaintiff was to receive $42,500 per year, plus quarterly special payments totaling $7,500 for the year 1971. The agreement further provided that "this is our entire agreement and that no other agreement or modification of this one shall be binding unless the same is in writing signed by both of us." Plaintiff contends that he was orally informed at that time that his salary would be supplemented with annual bonuses. During his employment, plaintiff re-

ceived a substantial bonus at the end of each of defendant's fiscal years. No bonus was received for the fiscal period which ended April 30, 1974. In addition, plaintiff received no payment for accumulated vacation time upon the termination of his employment. Defendant informed plaintiff that it was not legally required to make such payments. On June 30, 1975 plaintiff met with defendant's attorney and was informed that, although it was not under any obligation to do so, defendant would pay plaintiff $15,125 if, basically, he would not compete with defendant in the future, or in any way interfere with defendant's business operations. In addition, plaintiff was required to co-operate with defendant with regard to any commitments in which he was personally involved. On that date plaintiff signed an agreement to that effect, as well as a general release of any legal claims. The agreement provided that the payments were being made "in the absolute and sole discretion" of defendant. In his first two causes of action, plaintiff seeks to recover the annual bonus for the fiscal year which ended April 30, 1975 and compensation for approximately 13 weeks of accumulated vacation time. The third cause of action seeks to enforce the agreement of June 30, 1975. The complaint should be dismissed. Plaintiff is precluded, under the parol evidence rule, from varying the terms of the written employment contract with evidence of a prior or contemporaneous agreement as to additional compensation. Also, the general release executed by plaintiff bars the first two causes of action. The circumstances under which the release was executed indicate that plaintiff intended to relinquish all claims against defendant in exchange for the termination agreement. Finally, under the terms of the June 30, 1975 termination agreement, any payments which were to be made by defendant were discretionary. Cohalan, Acting P. J., Margett, Damiani and Shapiro, JJ., concur; Titone, J., concurs as to the dismissal of the first and second causes of action, but otherwise dissents and votes to affirm the order insofar as it denied the motion to dismiss the third cause of action, with the following memorandum: I agree with the majority insofar as it is dismissing plaintiff's first two causes of action. However, in dismissing the third cause of action, which seeks recovery under the termination agreement of June 30, 1975, the majority holds that any payments to be made thereunder are discretionary. The agreement provides, in part, that "under all circumstances in the absolute and sole discretion of Messrs. Myers and Berman, the payments and benefits set forth below will be paid to you provided that you will not directly or indirectly". The agreement then sets forth the various conditions for payment, aimed at noncompetition and co-operation as to commitments in which plaintiff was involved. In my opinion, the language employed in the agreement obligated defendant to make all payments provided that plaintiff complied with the terms therein. The phrase "absolute and sole discretion" only indicated that defendant did not recognize any legal obligation on its part to compensate plaintiff.